IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENISHA BLACK and**
**SHONDRA GATHINGS**                                                    **PLAINTIFFS**

**VS.**                                                                         **CIVIL ACTION NO.: 3:20-cv-643-CWR-LRA**

**MISSISSIPPI DEPARTMENT OF**
**REHABILITATION SERVICES**                                              **DEFENDANT**

## COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW the Plaintiffs, Kenisha Black and Shondra Gathings, by any through their counsel, Philip C. Hearn, and files this action. Plaintiffs have been subjected to racial discrimination in the terms and conditions of their employment with Defendant. The actions of the Defendant are in violation of the Title VII of the Civil Rights Act of 1964 as amended and 42 U.S.C. § 1981. In support of this cause, the Plaintiffs would show unto the Court the following facts to-wit:

### PARTIES

1.      The Plaintiff Kenisha Black is an adult Black female resident of Tippah County, Mississippi, residing at 661 Highway 368, Blue Mountain, Mississippi 38610.

2.      The Plaintiff Shondra Gathings is an adult Black female resident of Chickasaw County, Mississippi, residing at 365 CR 177, Okolona, Mississippi 38860.

3.      The Defendant, the Mississippi Department of Rehabilitation Services (hereinafter "DRS") is a state agency qualified to do business in the State of Mississippi. Defendant may be

served with process by serving Lynn Fitch, Attorney General 1281 Highway 51, Madison, Mississippi 39110.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court. A true and correct copy of Plaintiffs' Charges of Discrimination are attached hereto as **Exhibit "A,"** and a true and correct copy of the EEOC's Dismissal and Notice of Rights is attached hereto as **Exhibit "B."**

## STATEMENT OF THE FACTS

6. Black was hired as a DRS Counselor II in 2004, resigned in July 2006, and then was rehired almost three months later and reclassified to DRS Counselor III.

7. In 2008, Black received an Education Benchmark Award received for her Masters of Science Degree in Rehabilitation Counseling. She additionally applied for the Educational Benchmark Award upon becoming a Certified Rehabilitation Counselor (CRC) and submitted a Personal Transaction Form. However, her request was denied.

8. During the same year, Black was also nominated for the Office of Vocational Rehabilitation Program Regional Training Team (hereinafter "OVR") and interviewed. However, she received a non-select letter from the CORE Team shortly thereafter.

9. In 2009, Black received her Certificate of Completion of curriculum through the College of Direct Support. Additionally, that year she sent an email to her Black male supervisor John Calvin to follow up on the status of her CRC Educational Benchmark Award.

10. In 2010, Black resubmitted her Personnel Transaction Form for Education Benchmark Award on receiving CRC. In October, she received a select letter for the OVER

Regional Training Team. When Black reached out to a white female coworker about carpooling to the first meeting, the coworker contacted the white female OVR director Tarea Stout who sent Black an email informing her that she had been rescinded from the OVR Regional Training Team.

11. In March 2011, Black interviewed for the Division Director job with white male Barry Bray, the Regional 1 Manager for Lee County. Instead, they hired a white female Marva Paul. For the third time, she also resubmitted her Personnel Transaction Form for Educational Benchmark on receiving her CRC. After inquiring for four years, Black finally received her CRC a month later compared to her white coworkers who received their educational benchmark in a timely manner according to the time their certification was received.

12. In 2012, Black received the Education Benchmark Award for Certificate of Completion from College of Direct Support. She applied for Division District, but the job went to white female Keely Green.

13. In 2013, Black became a Licensed Professional Counsel (LPC) through the Board of Examiners for LPCs. She submitted a request for an Educational Benchmark submitted to the immediate supervisor. In June she applied for the position of Deputy Bureau Director for District 1 Manager in Lafayette County. However, Black female Valerie Buckley was hired instead. A month later, Keely Green was appointed to Bureau Director, Deputy (District 2 Manager- Lee County), but the position was not advertised. In September, Black discovered her request for additional training in order to receive continuing education units was denied.

14. In 2014, Back submitted a memo to request Educational Benchmark Award for LPC and received it that same year. However, her request for additional training was once again denied.

15. In 2015, Black applied and was finally promoted to Bureau Director Deputy (District 1 Manager - Lafayette County).

16. In 2016, Black applied for Bureau Director II (Region 1 Manager - Lee County). She was interviewed by two white superiors who selected Nancy Bray, a white female, for hire.

17. In March 2017, Black achieved her Completion of Certified Public Manager Level 1, but she was denied approval for enrollment in Certified Public Manager (CPM) Level II. Furthermore, her request for additional training was once again denied.

18. On November 20, 2017, Black submitted to her immediate supervisor, OVR director, and Human Resources Director in reference to racial statements made by a subordinate white male. It occurred again on December 18, 2017, yet no follow up was conducted. The employee was approved for transfer to another district three months later in March 2018.

19. Additionally, districts were informed at a 2017 Statewide District Meetings that each district would be provided an agency van. Vans were distributed between the months of January and March, but Black did not receive one.

20. In 2018, Black applied for Bureau Director II - Region 1 Manager of Lee County; however, after two rounds of interviews, no selection was made.

21. On June 26, 2019, she received a non-select letter for Regional manager via email and that a white male coworker, who was less qualified, was hired. She also received a memo on July 12, 2019 informing her that a new position had become available for Deputy administrator and had been filled by a white male coworker.

22. Finally, on August 9, 2019, she received a memorandum informing her that white female Carol Elrod had been promoted to fill the Office of Vocational Rehabilitation Services

despite the fact that she had been recommended for termination due to her inability to perform duties of frontline management in October 2013.

23. Plaintiff Shondra Gathings had been working for the Mississippi Department of Rehab Services since 2008, beginning her employment with DRS in February, 2008 as a counselor assistant. She was later promoted to counselor in May 2010 and then to district manager in 2015.

24. Gathings was also unaware of the position available for OVR Director, which was not posted in violation of DRS policies and procedures. The position was filled by Carol Elrod, a lesser qualified white female. Plaintiff Gathings was denied the OVR Director position because of her race, African-American. On information and belief, Plaintiff Gathings has been paid disparate wages relative to similarly situated white employees.

25. Black was also unaware of the position available for OVR Director of Client Services, which was not posted in violation of DRS policies and procedures. The position was filled by Carol Elrod, a lesser qualified white female. Plaintiff Black was denied the OVR Director position because of her race, African-American. On information and belief, Plaintiff Black has been paid disparate wages relative to similarly situated white employees.

26. Plaintiffs Black and Gathings also allege a direct pattern of systemic discrimination against Black females by the Defendant in terms and conditions of their employment with Defendant. Plaintiff Black sets forth numerous examples and instances of discrimination in employment against Black females by the Defendant in the document entitled "Charge of Discrimination" and attached hereto as Ex. "C". Each allegation included in the Charge of Discrimination is incorporated herein and included as if fully set forth in this Complaint.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII AND 1981 - RACIAL DISCRIMINATION

27. Plaintiffs incorporate paragraphs 1 through 25 above as though fully incorporated herein.

28. Plaintiffs, and all other similarly-situated Black females, have been discriminated against in the terms and conditions of their employment on the basis of their race African-American.

29. Plaintiffs have suffered adverse employment actions as a result of the Defendant's discriminatory treatment of Plaintiffs, including loss of advancement opportunities, promotions, and wages, among others.

30. Plaintiffs have been harmed as a result of this discrimination, and the Defendant is liable to Plaintiffs for the same.

31. The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964 and entitle Plaintiffs to the recovery of damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount to be determined by the jury:

1. Promotion;
2. Back pay;
3. Compensatory damages;
4. Liquidated damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Any other relief to which they may be properly entitled.

THIS, the ___ day of October 2020.

Respectfully submitted,

Case 3:21-cv-00710-KHJ-LGI   Document 2   Filed 11/03/21   Page 7 of 7

KENISHA BLACK AND SHONDRA GATHINGS,
PLAINTIFFS

By: ___s/ Philip C. Hearn_____
      Philip C. Hearn, Esq.

Philip C. Hearn, Esq. (MSB# 9366)
HEARN LAW FIRM, PLLC
P. O. Box 5009
Jackson, MS 39296-5009
Telephone: 601.720.3541
Facsimile: 601.969.2161
Email: philiphearn@yahoo.com

7