IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENISHA BLACK, SHONDRA GATHINGS,
GWENDOLYN GRAY, CLELL O. McCURDY,
MELODY LAURY, AND LAVONDA HART                                    PLAINTIFFS

VS.                                      CIVIL ACTION NO.: 3:20-cv-00643-KHJ-LRA

MISSISSIPPI DEPARTMENT OF
REHABILITATION SERVICES                                            DEFENDANT

## SECOND AMENDED COMPLAINT
## JURY TRIAL DEMANDED

COME NOW the Plaintiffs, Kenisha Black, Shondra Gathings, Gwendolyn Gray, Clell O. McCurdy, Melody Laury, and Lavonda Hart, by any through their counsel, Philip C. Hearn, and files this action. Plaintiffs have been subjected to racial discrimination in the terms and conditions of their employment with Defendant. The actions of the Defendant are in violation of the Title VII of the Civil Rights Act of 1964 as amended and 42 U.S.C. § 1981. In support of this cause, the Plaintiffs would show unto the Court the following facts to-wit:

## PARTIES

1. The Plaintiff Kenisha Black is an adult Black female resident of Tippah County, Mississippi, residing at 661 Highway 368, Blue Mountain, Mississippi 38610.

2. The Plaintiff Shondra Gathings is an adult Black female resident of Chickasaw County, Mississippi, residing at 365 CR 177, Okolona, Mississippi 38860.

3. The Plaintiff Gwendolyn Gray is an adult Black female resident of Lowndes County, Mississippi, residing at 2110 Kelly Court, Columbus, Mississippi 39702.

4. The Plaintiff Clell O. McCurdy is an adult Black male resident of Oktibbeha County, Mississippi, residing at 606 Yellow Jacket Drive, Apartment 8, Starkville, MS 39759.

5. The Plaintiff Melody Laury is an adult Black female resident of Lowndes County, Mississippi, residing at 2112 O'Leary Lane, Columbus, MS 39702.

6. The Plaintiff Lavonda Hart is an adult Black female resident of Madison County, Mississippi, residing at 324 Smith Carr Road, Canton, MS 39046.

7. The Defendant, the Mississippi Department of Rehabilitation Services (hereinafter "DRS") is a state agency qualified to do business in the State of Mississippi. Defendant may be served with process by serving Lynn Fitch, Attorney General 1281 Highway 51, Madison, Mississippi 39110.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction.

9. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court. A true and correct copy of Plaintiffs' Charges of Discrimination are attached hereto as **Exhibits "A", "D"** and **"F"**, and true and correct copies of the EEOC's Dismissals and Notices of Rights are attached hereto as **Exhibits "B", "C",** and **"G"**. Plaintiffs have all filed suit within ninety (90) days of their receipt of their Notices of Right to Sue. Thus, all statutory prerequisites to suit have been satisfied.

## STATEMENT OF THE FACTS

10. Black was hired as a DRS Counselor II in 2004, resigned in July 2006, and then was rehired almost three months later and reclassified to DRS Counselor III.

11. In 2008, Black received an Education Benchmark Award received for her Masters of Science Degree in Rehabilitation Counseling. She additionally applied for the Educational

Benchmark Award upon becoming a Certified Rehabilitation Counselor (CRC) and submitted a Personal Transaction Form. However, her request was denied.

12. During the same year, Black was also nominated for the Office of Vocational Rehabilitation Program Regional Training Team (hereinafter "OVR") and interviewed. However, she received a non-select letter from the CORE Team shortly thereafter.

13. In 2009, Black received her Certificate of Completion of curriculum through the College of Direct Support. Additionally, that year she sent an email to her Black male supervisor John Calvin to follow up on the status of her CRC Educational Benchmark Award.

14. In 2010, Black resubmitted her Personnel Transaction Form for Education Benchmark Award on receiving CRC. In October, she received a select letter for the OVER Regional Training Team. When Black reached out to a white female coworker about carpooling to the first meeting, the coworker contacted the white female OVR director Tarea Stout who sent Black an email informing her that she had been rescinded from the OVR Regional Training Team.

15. In March 2011, Black interviewed for the Division Director job with white male Barry Bray, the Regional 1 Manager for Lee County. Instead, they hired a white female Marva Paul. For the third time, she also resubmitted her Personnel Transaction Form for Educational Benchmark on receiving her CRC. After inquiring for four years, Black finally received her CRC a month later compared to her white coworkers who received their educational benchmark in a timely manner according to the time their certification was received.

16. In 2012, Black received the Education Benchmark Award for Certificate of Completion from College of Direct Support. She applied for Division District, but the job went to white female Keely Green.

17. In 2013, Black became a Licensed Professional Counsel (LPC) through the Board of Examiners for LPCs. She submitted a request for an Educational Benchmark submitted to the immediate supervisor. In June she applied for the position of Deputy Bureau Director for District 1 Manager in Lafayette County. However, Black female Valerie Buckley was hired instead. A month later, Keely Green was appointed to Bureau Director, Deputy (District 2 Manager- Lee County), but the position was not advertised. In September, Black discovered her request for additional training in order to receive continuing education units was denied.

18. In 2014, Back submitted a memo to request Educational Benchmark Award for LPC and received it that same year. However, her request for additional training was once again denied.

19. In 2015, Black applied and was finally promoted to Bureau Director Deputy (District 1 Manager - Lafayette County).

20. In 2016, Black applied for Bureau Director II (Region 1 Manager - Lee County). She was interviewed by two white superiors who selected Nancy Bray, a white female, for hire.

21. In March 2017, Black achieved her Completion of Certified Public Manager Level 1, but she was denied approval for enrollment in Certified Public Manager (CPM) Level II. Furthermore, her request for additional training was once again denied.

22. On November 20, 2017, Black submitted to her immediate supervisor, OVR director, and Human Resources Director in reference to racial statements made by a subordinate white male. It occurred again on December 18, 2017, yet no follow up was conducted. The employee was approved for transfer to another district three months later in March 2018.

23. Additionally, districts were informed at a 2017 Statewide District Meetings that each district would be provided an agency van. Vans were distributed between the months of January and March, but Black did not receive one.

24. In 2018, Black applied for Bureau Director II - Region 1 Manager of Lee County; however, after two rounds of interviews, no selection was made.

25. On June 26, 2019, she received a non-select letter for Regional manager via email and that a white male coworker, who was less qualified, was hired. She also received a memo on July 12, 2019 informing her that a new position had become available for Deputy administrator and had been filled by a white male coworker.

26. Finally, on August 9, 2019, she received a memorandum informing her that white female Carol Elrod had been promoted to fill the Office of Vocational Rehabilitation Services despite the fact that she had been recommended for termination due to her inability to perform duties of frontline management in October 2013.

27. Plaintiff Shondra Gathings had been working for the Mississippi Department of Rehab Services since 2008, beginning her employment with DRS in February, 2008 as a counselor assistant. She was later promoted to counselor in May 2010 and then to district manager in 2015.

28. Gathings was also unaware of the position available for OVR Director, which was not posted in violation of DRS policies and procedures. The position was filled by Carol Elrod, a lesser qualified white female. Plaintiff Gathings was denied the OVR Director position because of her race, African-American. On information and belief, Plaintiff Gathings has been paid disparate wages relative to similarly situated white employees.

29. Black was also unaware of the position available for OVR Director of Client Services, which was not posted in violation of DRS policies and procedures. The position was

filled by Carol Elrod, a lesser qualified white female. Plaintiff Black was denied the OVR Director position because of her race, African-American. On information and belief, Plaintiff Black has been paid disparate wages relative to similarly situated white employees.

30. Plaintiff McCurdy has worked for the Defendant since March 2017 and most recently as a Counselor III (Transition Counselor). Plaintiff McCurdy is currently paid a wage of $34,011.74 per year, which includes a recent wage increase. He also has a Master's Degree. On June 21, 2019, Plaintiff McCurdy became aware that John Williamson (White) is currently paid a wage of $39,930.00 per year. Defendant hired Williamson in 2018 as a Counselor II (Transition Counselor) and he performs the duties of a Transition Counselor; however, his wage is based on that of a Performance Auditor, which is in a higher wage band than a Transition Counselor. Moreover, Williamson is not even qualified for a Performance Auditor I position because that position requires a Master's Degree as well as more than (one) 1 year of prior experience and Williamson currently has a Bachelor's degree with less than one (1) year experience in State government. Plaintiff McCurdy believes Williamson is being paid for a position with a higher wage rate, because he is White. He also believes he is in a lesser paid position because of his race (Black). Plaintiff McCurdy also became aware that Plaintiff Gwendolyn Gray (Black, Counselor III- Career Counselor) was affected in the same manner as Plaintiff McCurdy. Plaintiffs Gray and McCurdy were both hired as Counselor II (Transition Counselor) and they both have Master's Degrees.

31. Plaintiff Gray has worked for the Defendant since December 2016 and most recently as a Counselor III (Career Counselor). She is currently paid a wage of $33,363.90 per year, which includes a recent wage increase. She also has a Master's Degree. On June 21, 2019, she became aware that John Williamson (White) is currently paid a wage of $39,930.00 per year.

Defendant hired Williamson in 2018 as a Counselor II (Transition Counselor) and he performs the duties of a Transition Counselor; however, his wage is based on that of a Performance Auditor, which is in a higher wage band than a Transition Counselor. Moreover, Williamson is not even qualified for a Performance Auditor I position because that position requires a Master's Degree as well as more than one (1) year of prior experience and Williamson currently has a Bachelor's degree with less than one (1) year experience in State government. Plaintiff Gray believes Williamson is being paid for a position with a higher wage rate, because he is White. She also believes she is in a lesser paid position because of her race (Black).

32. Plaintiff Laury (Black female) was hired on December 1, 2012. Since February 2018, and continuing to this day, Plaintiff has been paid less wages as a Vocational Rehabilitation Counselor than a less qualified white male co-worker who performs the identical job. Plaintiff Laury recently became aware that the white male co-worker in question, who has less experience and educational qualifications than Plaintiff Laury, is actually being paid a substantially higher salary than Plaintiff Laury.

33. Plaintiff's white male co-worker started at a higher salary than Plaintiff Laury and currently makes a higher salary than her, despite his lesser qualifications. Based upon the disparity in pay between she and her the white male co-worker who performs the same job duties, Plaintiff Laury asserts that she has been discriminated against because of her race (Black) and sex (Female) in violation of Title VII of The Civil Rights Act of 1964 as amended.

34. Plaintiff LaVonda Hart (Black female) has worked for the Defendant since 1987, most recently serving as the Director of the Office of Vocational Rehabilitation. On July 1, 2019, Chris Howard, the white male Executive Director of Defendant, informed Plaintiff Hart that he

had promoted Kevin Bishop, the white male Director of Client Services, to the newly-created position of Deputy Administrator Workforce Programs.

35. In violation of Defendant's written policies and procedures regarding filling new positions, Mr. Howard did not allow the position to be advertised and Plaintiff, despite her long tenure and superior qualifications, did not have an opportunity to apply for the position. Prior to his promotion, Mr. Bishop had directly or indirectly reported to Plaintiff Hart for nearly ten (10) years; however, after he was promoted, Plaintiff Hart became Mr. Bishop's direct report.

36. Mr. Howard promoted Mr. Bishop over Plaintiff Hart although Mr. Bishop was not qualified or suitable for the position due to his history of fraternization with his female direct reports and his lack of experience. Additionally, Mr. Bishop's highest level of education is a Bachelor's degree and he had less than 2 years of experience as a Director of Client Services, compared to Plaintiff Hart's Master's degree and service as the Director of Office of Vocational Rehabilitation since 2013. Despite the fact that Plaintiff Hart reminded Mr. Howard that she had previously disciplined Mr. Bishop while he worked as Plaintiff Hart's direct report, Mr. Howard would not reverse the promotion. Based upon the fact of Plaintiff Hart's superior qualifications, longer tenure, and the deviation from standard posting and interviewing process, Plaintiff Hart asserts that she was not promoted because of her race (Black) and sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended. (**See Exhibit "E",** which further sets forth Plaintiff Hart's claims and is incorporated herein by reference).

37. Plaintiffs also allege a direct pattern of systemic discrimination against Black employees in general and Black females in particular by the Defendant in terms and conditions of their employment with Defendant. Plaintiff Black sets forth numerous examples and instances of discrimination in employment against Black females by the Defendant in the document entitled

"Charge of Discrimination" and attached hereto as Ex. "C". Each allegation included in the Charges of Discrimination is incorporated herein and included as if fully set forth in this Complaint.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII AND 1981 - RACIAL DISCRIMINATION

38. Plaintiffs incorporate paragraphs 1 through 25 above as though fully incorporated herein.

39. Plaintiffs, and all other similarly-situated Black employees, have been discriminated against in the terms and conditions of their employment on the basis of their race African-American.

40. Plaintiffs have suffered adverse employment actions as a result of the Defendant's discriminatory treatment of Plaintiffs, including loss of advancement opportunities, promotions, discriminatory wages and benefits, among others.

41. Plaintiffs have been harmed as a result of this discrimination, and the Defendant is liable to Plaintiffs for the same.

42. The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964 and entitle Plaintiffs to the recovery of damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount to be determined by the jury:

1. Promotion;
2. Back pay;

3. Compensatory damages;
4. Liquidated damages and/or punitive damages as allowed by law;
5. Attorney's fees;
6. Costs and expenses; and
7. Any other relief to which they may be properly entitled.

THIS, the 23rd day of December 2020.

                            Respectfully submitted,

                            KENISHA BLACK, SHONDRA GATHINGS,
                            GWENDOLYN GRAY, CLELL McCURDY,
                            MELODY LAURY, AND LAVONDA HART,
                            PLAINTIFFS

                    By:    s/ Philip C. Hearn
                            Philip C. Hearn, Esq.

Philip C. Hearn, Esq. (MSB# 9366)
HEARN LAW FIRM, PLLC
P. O. Box 5009
Jackson, MS 39296-5009
Telephone: 601.720.3541
Facsimile: 601.969.2161
Email: philiphearn@yahoo.com